UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

David Ratcliffe, Clifton Banford II, Davone Phillips,
Craig Baldus, Brandon Fuller, Raul Feijoo,
John Rapley, Tranell Meeks, Darius Hinton, Chris George,
Alden Vasser,

       Plaintiffs,                              Case No.

-vs-                                                   Hon.

Dorsey School of Business, Inc., dba Dorsey Schools,

       Defendant.

_____/

**PETER A. ANGELAS** (P41739)
**JOHN T. ALEXANDER** (P43789)
Alexander & Angelas, P.C.
Attorneys for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600 / Fax (248) 290-5800)
john@alexanderandangelas.com
peter@alexanderandangelas.com

_____/

       There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

## COMPLAINT AND DEMAND FOR JURY TRIAL

      NOW COMES the above-named Plaintiffs, David Ratcliffe, Clifton Banford II, Davone Phillips, Craig Baldus, Brandon Fuller, Raul Feijoo, John Rapley, Tranell Meeks, Darius Hinton, Chris George, Alden Vasser, by and through their attorneys, Law Offices of Alexander & Angelas, P.C., and hereby complain against the above-named Defendant as follows:

## VENUE AND JURISDICTION

1. That Plaintiffs are all residents of the State of Michigan and reside within the jurisdiction of this Court.

2. That Defendant, Dorsey School of Business, Inc., dba Dorsey Schools, is a Michigan corporation which conducts business in the City of Dearborn, County of Wayne, State of Michigan.

3. That Defendant is in the business of providing educational services including technical and trade education.

4. That this cause of action arose in the City of Dearborn, County of Wayne, State of Michigan.

5. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of costs, interest, and attorney fees.

6. That this Court has subject matter jurisdiction over Plaintiffs' federal claim under 18 U.S.C. §1961 *et seq* (Racketeer Influenced and Corrupt Organization Act) pursuant to 18 U.S.C. §1964(a).

7. That this court has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims "are so related to claims in the section within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. That venue is proper in the Southern Division of the United States District Court for the Eastern District of Michigan because the Defendant transacts business in the City of Dearborn, County of Wayne, State of Michigan. 18 U.S.C. §1965(A).

## **GENERAL ALLEGATIONS**

9.  That on or about June, 2016, Defendant offered to the Plaintiffs an eleven (11) month "Electrical Technician" educational program.

10. That Defendant represented in its marketing materials, verbal representations, and/or written representations that upon successful completion of its "Electrical Technician" educational program that the Plaintiffs would be qualified to obtain undergraduate certificates as electrical technicians permitting Plaintiffs to work in residential, commercial, and/or industrial settings as skilled electricians.

11. That Defendant represented in its marketing materials, verbal representations, and/or written representations that upon successful completion of the "Electrical Technician" educational program that Plaintiffs would be qualified to obtain an Apprentice Electrician Certificate issued by the State of Michigan, Department of Licensing and Regulatory Affairs (LARA).

12. That the Defendant violated requirements under the Higher Education Act (HEA) of 1965, as amended, 20 U.S.C. §§1070, *et. seq.*, when it failed to publish true and accurate information on its accreditation, approval and licensure. 20 U.S.C. 1092, *et. seq.*; 34 C.F.R. 668.41(a) – (d); 34 C.F.R. 668.43.

13. That the Defendant provided false and misleading information regarding the employment opportunities available to the Plaintiffs upon completion of the "Electrical Technician" educational program and Defendant's employment placement rates at positions involving residential, commercial and/or industrial electrical services. 20 U.S.C. 1092, *et. seq.*; 34 C.F.R. 668.14(b)(10).

14. That to work as a skilled electrician on a residential, commercial or industrial job in Michigan, an individual must possess an Apprentice Electrician Certificate *as a minimum qualification*.

15. That an Apprentice Electrician Certificate is only issued by LARA after an individual completes an approved apprenticeship training program compliant with MCL § 339.5717, et. seq.

16. That the Defendant represented in its marketing materials, verbal representations, and/or written representations that it's Electrical Technician educational program was accredited by the Accrediting Council for Independent Colleges and Schools (ACICS).

17. That the Defendant represented in its marketing materials, verbal representations, and/or written representations that it's Electrical Technician educational program met the requirements of the Skilled Trades Regulation Act MCL §339.5717, et seq.

18. That based upon the Defendant's representations as hereinbefore stated, Plaintiffs were induced to incur expenses, take student loans, become indebted, and/or pay valuable consideration to the Defendant.

19. That upon their successful completion of the Electrical Technician educational program the Plaintiffs were unable to obtain their Electrical Apprentice Certificate from LARA because the program offered by the Defendant was not properly approved and/or accredited.

20. That Plaintiffs were fraudulently induced to sign forms and agreements with Defendants.

21. That any forms or agreements signed by Plaintiffs are void *ab initio* because of the fraudulent misrepresentations of Defendant as hereinbefore stated.

22. That at all pertinent times hereto Defendant knew that its 'Electrical Technician" educational program was not properly approved or accredited and that the Plaintiffs would not be qualified to obtain Electrical Apprentice Certificates or work as skilled electricians.

23. That Defendant caused Plaintiffs to submit applications for student financial assistant programs authorized pursuant to Title IV of the Higher Education Act (HEA) of 1965, as amended, 20 U.S.C. § §1070 *et seq* (Title IV programs).

## COUNT I
## FRAUD AND MISREPRESENTATION

24. That Plaintiffs reallege and reaffirm by reference herein paragraphs 1 through 23 above as though more fully set forth herein.

25. That Defendant made material representations to the Plaintiffs as hereinbefore alleged.

26. That the representations were false when made and/or made with reckless disregard of their truth.

27. That Defendant knew that the representations it made, as hereinbefore alleged, were false or made with reckless disregard of their truth.

28. That Defendant intended for the Plaintiffs to rely upon the representations of the Defendant.

29. That the Plaintiffs did, in fact, reasonably rely upon the false and/or recklessly made representations.

30. That Plaintiffs suffered injury by relying upon the false and/or recklessly made misrepresentations of the Defendant.

31. That as a proximate cause of the materially false or recklessly made misrepresentations of the Defendant, Plaintiffs, each and every one of them, suffered injuries including, but not limited to:

    a. Student loan debt;

      b. Lost wages;
      c. Lost employment opportunities;
      d. Lost time taking a worthless educational program;
      e. Travel expenses to and from the worthless educational program;
      f. Out-of-pocket fees, tuitions and other expenses to participate in the worthless educational program;
      g. Attorney fees and legal expenses;
      h. Other financial damages to be determined during the course of discovery which are ongoing; and,
      i. Inability to transfer credits or use hours towards a Journeyman's Certificate.

WHEREFORE, Plaintiffs, pray for a judgment against the Defendant in an amount in excess of $75,000 exclusive of attorney fees, costs and interest.

## COUNT II
## RICO

32. That Plaintiffs reallege and reaffirm by reference herein paragraphs 1 through 31 above as though more fully set forth herein.

33. That 18 USC §1961 defines racketeering activity as involving fraud through the mails (18 USC §1341 Frauds and Swindles).

34. That Defendant used email, the internet, and the United States Postal Service at all pertinent times hereto to further its illegal scheme of fraud on the Plaintiffs.

35. That the Defendant's "Electrical Technician" educational program had no vocational benefit and amounted to a fraud and swindle as defined by 18 USC §1341 making it illegal to defraud or obtain money or property by means of false or fraudulent pretenses utilizing the postal service.

36. That Defendant submitted applications for student financial assistance programs authorized pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§1070 *et. seq.* even though it knew, or had reason to know, that its "Electrical Technician" educational

6

program would not permit the Plaintiffs to obtain an Apprentice Electrician Certificate issued by LARA.

37. That Defendant is a corporation, with structure, and as such is an enterprise under RICO.

38. That the above-mentioned fraud is considered conduct under RICO.

39. That the multitude of fraudulent acts as hereinbefore described establishes a pattern of illegal conduct under RICO.

40. That Defendant, as an additional predicate act, knowingly made false or misleading statements regarding its accreditation, approval, licensure, occupations that the program prepared a student to enter, placement rates for students completing the program, all in contravention of federal law.

41. That the Defendant, as an additional predicate act, committed various acts in violation of the Michigan Consumer Protection Act.

42. That by receiving funds under Title IV programs, Defendant had fiduciary responsibility in the administration of Title IV programs.

43. That as fiduciaries, the Defendant was required to act with the highest standard of care and diligence in administering the Title IV programs and to refrain from misrepresentations regarding its programs.

44. That Defendant violated its fiduciary responsibilities when it engaged in the conduct hereinbefore described.

45. That Defendant defrauded the Plaintiffs when it charged and received tuition payments for a worthless educational program.

46. That pursuant to 18 USC §1964 civil remedies available to the Plaintiffs include, but are not limited to, reasonable attorney fees, and treble damages.

WHEREFORE, Plaintiffs, pray for a judgment against the Defendant in an amount in excess of $75,000 exclusive of attorney fees, costs and interest.

## COUNT III
## CONSTRUCTIVE OR SILENT FRAUD

47. That Plaintiffs reallege and reaffirm by reference herein paragraphs 1 through 46 above as though more fully set forth herein.

48. That when the Defendant offered the worthless Electrical Technician educational program to the Plaintiffs without accurately disclosing that the program had not been approved by the State of Michigan, Department of Labor, ACICS and/or other accreditors, the Defendant breached its legal and/or equitable duty not to deceive the Plaintiffs.

49. That the Defendants represented to the Plaintiffs that upon successful completion of the Electrical Technician educational program that the Plaintiffs would be eligible to obtain an Electrical Apprentice Certificate from the State of Michigan, Department of Labor and/or work as skilled electricians.

50. That unknown to the Plaintiffs who enrolled, participated in, and successfully completed the worthless educational program, the program was not properly approved and the Plaintiffs were ineligible to obtain an Electrical Apprenticeship Certificate or work as skilled electricians.

51. That the Defendant failed to disclose to the Plaintiffs the material fact that the Electrical Technician educational program was not properly approved and that they would be ineligible to obtain an Electrical Apprenticeship Certificate upon completion of the program or work as skilled electricians.

52. That Defendants knew at the time of their representations that the Electrical Technician educational program was not properly approved and that the participants would not be

eligible to obtain an Electrical Apprenticeship Certificate from the State of Michigan, Department of Labor or work as skilled electricians.

53. That Defendant offered the worthless Electrical Technician educational program with the intention that the Plaintiffs would rely upon the misrepresentations as hereinbefore asserted.

54. That the Plaintiffs did act in reasonable reliance upon the misrepresentations or silent fraud perpetrated by the Defendant to their detriment.

55. That Plaintiffs suffered injury which was proximately caused by the constructive or silent fraud perpetrated by the Defendants including, but not limited to:

   a. Student loan debt;
   b. Lost wages;
   c. Lost employment opportunities;
   d. Lost time taking a worthless educational program;
   e. Travel expenses to and from the worthless educational program;
   f. Out-of-pocket fees, tuitions and other expenses to participate in the worthless educational program;
   g. Attorney fees and legal expenses;
   h. Other financial damages to be determined during the course of discovery which are ongoing; and,
   i. Inability to transfer credits or use hours towards a Journeymans Certificate.

WHEREFORE, Plaintiffs, pray for a judgment against the Defendant in an amount in excess of $75,000 exclusive of attorney fees, costs and interest.

## COUNT IV
## UNJUST ENRICHMENT

56. That Plaintiffs reallege and reaffirm by reference herein paragraphs 1 through 55 above as though more fully set forth herein.

57. That the Defendant in offering its worthless "Electrical Technician" educational program received tuition payments from, or on behalf of, the Plaintiffs and other monetary benefits.

58. That the Defendant has been unjustly enriched by receiving tuition payments and other monetary benefits in return for the un-accredited and/or unapproved "Electrical Technician" educational program.

59. That it would be inequitable, unlawful and unjust for the Defendant to receive and retain any financial benefits which were premised upon its false, misleading, fraudulent, misrepresentations or omissions.

WHEREFORE, Plaintiffs, pray for a judgment against the Defendant in an amount in excess of $75,000 exclusive of attorney fees, costs and interest.

## COUNT V
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

60. That Plaintiffs reallege and reaffirm by reference herein paragraphs 1 through 59 above as though more fully set forth herein.

61. That at all pertinent times hereto Defendant was obligated to comply and conform its conduct to the Michigan Consumer Protection Act, MCLA §445.901 *et. seq.*

62. That Plaintiffs were consumers entitled to the protection of the Michigan Consumer Protection Act.

63. That the conduct of the Defendant as hereinbefore alleged was unfair, unconscionable and/or deceptive as defined by MCLA §445.903 (1)(a), (b), (c), (e), and (s).

64. That as a direct and proximate result of the Defendant violating the Michigan Consumer Protection Act, Plaintiffs suffered damages including, but not limited to:

    a. Student loan debt;
    b. Lost wages;
    c. Lost employment opportunities;
    d. Lost time taking a worthless educational program;
    e. Travel expenses to and from the worthless educational program;
    f. Out-of-pocket fees, tuitions and other expenses to participate in the worthless educational program;

      g.  Attorney fees and legal expenses;
      h.  Other financial damages to be determined during the course of discovery which are ongoing; and,
      i.  Inability to transfer credits or use hours towards a Journeymans Certificate.

WHEREFORE, Plaintiffs, pray for a judgment against the Defendant in an amount in excess of $75,000 exclusive of attorney fees, costs and interest.

Respectfully submitted,

Law Offices of
ALEXANDER & ANGELAS, P.C.

By: _____
     PETER A. ANGELAS (P41739)
     JOHN T. ALEXANDER (P43789)
     Attorneys for Plaintiffs
     30200 Telegraph Road, Suite 400
     Bingham Farms, MI 48025
     (248) 290-5600
     john@alexanderandangelas.com
     peter@alexanderandangelas.com

DATED:  February 13, 2018