UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID RATCLIFFE, et al.,

    Plaintiffs,

v.                                      Civil Case No. 18-10524
                                      Honorable Linda V. Parker

DORSEY SCHOOL OF BUSINESS,
INC. *d/b/a* Dorsey Schools,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS (ECF NO. 9)

Plaintiffs David Ratcliffe, Clifton Banford II, Davone Phillips, Craig Baldus, Brandon Fuller, Raul Feijoo, John Rapley, Tranell Meeks, Darius Hinton, Christ George, and Alden Vasser ("Plaintiffs") filed an Amended Complaint and Demand for Jury Trial (the "Amended Complaint") against Defendant Dorsey Schools ("Defendant"), asserting five counts arising out of Plaintiffs' enrollment as students in the electrical technician training program at Dorsey School of Business ("Dorsey"). (ECF No. 2.) Presently before the Court is Defendant's Motion to Compel Arbitration or, in the alternative, Motion to Dismiss, filed March 26, 2018. (ECF No. 9.) The motion has been fully briefed. (ECF Nos. 9, 13 & 14.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court

1

is dispensing with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Defendant's motion to compel and stays the proceedings pending the resolution of arbitration.

## I. Factual and Procedural History

Defendant Dorsey Schools is a private, for-profit, postsecondary school that offers career training in a variety of fields, including electrical technician training. (ECF No. 9 at Pg ID 53.) Plaintiffs are eleven individuals who enrolled at Dorsey in its Electrical Technician Educational Program, believing that upon successful completion of the program they would be eligible to obtain an Apprentice Electrical Certificate from the Michigan Department of Licensing and Regulatory Affairs ("LARA"). (ECF No. 13 at Pg ID 153.) Defendant's program was an eleven-month, four-days-per-week, five-hours-per-day program. (*Id.*) Each Plaintiff allegedly incurred approximately $21,000 in tuition expenses, book costs and other incidental expenses. (*Id.*) Although each Plaintiff completed the course, not one was ever granted an Electrical Apprenticeship Certificate from LARA because, as Plaintiffs alleged, Defendant's class was not approved or accredited by LARA or the Department of Labor. (*Id.*)

On February 13, 2018, Plaintiffs initiated this suit, filing a Complaint and an Amended Complaint on the same day, asserting five claims against Defendant. (ECF Nos. 1 & 2.) Each claim arises out of Plaintiffs' allegations that Defendant

made both verbal and written representations that upon successful completion of Defendant's training program: (1) Plaintiffs would be qualified to obtain undergraduate certificates as electrical technicians and (2) Plaintiffs would be qualified to obtain an Apprentice Electrician Certificate issued by LARA. (ECF No. 2, Am. Compl. at ¶¶ 10-11.) Additionally, Plaintiffs raised other allegations involving Defendant's representations about its accreditation: whether its program met state law requirements for skilled trades and the accuracy of employment opportunities upon completion of its training program. (*Id*. at ¶¶ 13-17.) In response, Defendant argues that each Plaintiff signed an Enrollment Agreement and Application for Admission (the "Agreement") that contained a valid and binding arbitration agreement. (ECF No. 9 at Pg ID 40.) Accordingly, Defendant filed the instant Motion to Compel Arbitration, filed March 26, 2018. (ECF No. 9.)

**II. Standard of Review**

The Federal Arbitration Act ("FAA"), 9 U.S.C § 2, provides in part, that

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable . . . .

When considering a motion to compel arbitration, the court must consider whether: (1) a valid arbitration agreement exists between the parties; (2) the disputes fall

3

within the scope of the agreement; (3) Congress intended for certain federal statutory claims to be nonarbitrable; and (4) if some of the claims fall outside the scope of the arbitration agreement, if those claims will be stayed pending arbitration. *Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp. 2d 746, 750 (S.D. Ohio Mar. 11, 2002) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also Stevens-Bratton v. Trugreen, Inc.*, 675 F. App'x 563, 566-67 (6th Cir. 2017) (unpublished) (quoting *Rowan v. Brookdale Senior Living Cmtys., Inc.*, 647 F. App'x 607, 609 (6th Cir. 2016)). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Orcutt*, 199 F. Supp. 2d at 749-50. Finally, the opposing party may challenge the validity of the arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The United States Supreme Court has divided challenges to arbitration agreements into two types. "One type challenges specifically the validity of the agreement to arbitrate. The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye Check Cashing, Inc. v.*

4

*Cardegna*, 546 U.S. 440, 444 (2006) 2006 (internal quotations and citations omitted). Challenges to the contract as a whole must go to the arbitrator. *Id.*

### III. Applicable Law & Analysis

Plaintiffs do not challenge that they signed and entered into the Agreement, which contained an arbitration provision. Accordingly, a valid arbitration clause exists. Because the Court finds the arbitration clause valid, the Court does not have authority to determine the validity of the contract as a whole, and the arbitrator shall resolve Plaintiff's claims concerning the validity of the contract.

> It is well settled that "the substantive law the Act created [is] applicable in state and federal courts. And when parties commit to arbitrate contractual disputes, it is a mainstay of the Act's substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved "by the arbitrator in the first instance, not by a federal or state court." For these purposes, an "arbitration provision is severable from the remainder of the contract," and its validity is subject to initial court determination; but the validity of the remainder of the contract (if the arbitration provision is valid) is for the arbitrator to decide.

*Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 20-21 (2012) (internal quotations and citations omitted); *Buckeye Check Cashing, Inc.*, 546 U.S. at 446 ("regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."); *see also Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) ("The Supreme Court has explained that in deciding whether a valid agreement to arbitrate exists, district courts may consider only claims

concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole."); *Yaroma v. CashCall, Inc.*, 130 F. Supp. 3d 1055, 1067-68 (E.D. Ky. 2015).

"In order to place the validity of the agreement to arbitrate in issue, therefore, the party opposing the petition to compel arbitration must state a 'well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement*, that would provide grounds for the revocation of the agreement to arbitrate.'" *Great Earth Cos.*, 288 F.3d at 878. "[I]f the claim is fraud in the inducement of the arbitration clause itself -- an issue which goes to the 'making' of the agreement to arbitrate -- the federal court may proceed to adjudicate it. But the statutory language [of the FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Id.* at 889-90.

Defendant argues that Plaintiffs are required to submit to arbitration pursuant to the Agreement, which mandates that "any dispute" between the parties "be submitted to binding arbitration." (ECF No. 9 at Pg ID 60-61.) Defendant further argues that "the fundamental basis of Plaintiffs' claims" fall squarely within the scope of the arbitration agreement. (*Id.* at Pg ID 61.) Plaintiffs have failed to raise any claim of fraud in the inducement of the arbitration clause *itself*, *standing*

*apart from the whole agreement*. Each of Plaintiffs' allegations are of fraudulent inducement into the Agreement as a whole.

The Court's initial review is limited to whether there was a valid arbitration agreement, and the Court so finds. The Agreement provides that the parties agree to arbitrate "any dispute," which would include the claims alleged in Plaintiffs' Amended Complaint. Although Plaintiffs argue that the arbitration clause is invalid because the contract is void "*ab initio*," such a position is inconsistent with the law of this jurisdiction and Supreme Court precedent. *See Nitro-Lift Techs., L.L.C.*, 568 U.S. at 21 (holding that district courts are only to consider the validity of the arbitration clause and not the contract as a whole); *accord Buckeye Check Cashing, Inc.*, 546 U.S. at 446; *Great Earth Cos.*, 288 F.3d at 889. Therefore, the Court finds that: (1) a valid arbitration agreement exists between the parties; (2) the disputes fall within the scope of the agreement; (3) none of Plaintiff's claims were intended to be nonarbitrable; and (4) none of Plaintiff's claims fall outside the scope of the arbitration agreement. Consequently, Plaintiffs' arguments as to the validity of the contract are to be considered by the arbitrator. Accordingly, the Court is staying the case pending the resolution of arbitration.

## IV. Conclusion

Defendant's motion to compel arbitration is granted.

Accordingly,

7

**IT IS ORDERED**, that Defendant's motion to compel arbitration (ECF No. 9) is **GRANTED**; and

**IT IS FURTHER ORDERED**, that this case is **STAYED**, and the parties shall submit to arbitration pursuant to the Enrollment Agreement and Application for Admission.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager